IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEI ANN VARLETTA YOUNG,

        Plaintiff,                         No. CIV S 09-3512 MCE GGH PS

vs.

JUDGE DANIEL G. MARTIN, et al.,

        Defendants.                    ORDER

_____/

        Plaintiff has filed an action premised on federal question jurisdiction, and has included mostly federal claims, together with a request to proceed in forma pauperis. The gravamen of the claim is that plaintiff was discriminated against by defendants who are a judge and various lawyers in a law firm based in Arizona, who conspired to restrict her access to her child, and falsely accused her of kidnaping this child from defendant Scott Sakry, father of the child and client of defendant law firm, also a resident of Arizona. This court will not rule on plaintiff's request to proceed in forma pauperis, because venue of this action in this district is not proper.

        The court may raise the matter of improper venue *sua sponte*. Costlow v. Weeks, 790 F.2d 1486, 1487 (9th Cir. 1986).

\\\\\

For diversity jurisdiction, the federal venue statute must be brought only in "1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

In this case, none of the defendants reside in this district.  The claim arose in Maricopa County, which is in the District of Arizona.  Therefore, plaintiff's claim should have been filed in the United States District Court for the District of Arizona.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Plaintiff alleges in the complaint in a conclusory fashion that a substantial amount of the acts at issue took place in California, and therefore venue is proper here.  However, that conclusion is belied by the facts alleged in the complaint which demonstrate that the acts alleged by these solely Arizona defendants took place in Arizona.  Indeed, at the inception of the acts alleged by plaintiff, plaintiff herself was a resident of Arizona.  The fact that plaintiff later moved to California and attempted to fight the actions of the Arizona court and Arizona lawyers from California does not give rise to a reasonable conclusion that a substantial amount of the alleged bad acts took place in California.

\\\\\

1  Accordingly, IT IS HEREBY ORDERED that:

2  1. This court has not ruled on plaintiff's request to proceed in forma pauperis; and

3  2. This matter is transferred to the United States District Court for the District of

4  Arizona.

5  DATED: July 6, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

7  GGH:076/Young3512.21.wpd